UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALMONDNET, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROKU, INC., <br><br> Defendant. | Case No. 6:21-cv-00876 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>ROKU, INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff AlmondNet, Inc. ("Plaintiff" or "AlmondNet") makes the following allegations against Defendant Roku, Inc. ("Defendant" or "Roku"):

**<u>INTRODUCTION AND PARTIES</u>**

1.  This complaint arises from Defendant's unlawful infringement of the following United States patents owned by AlmondNet, each of which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,244,582; 8,959,146; and 8,671,139 (collectively, the "Asserted Patents"). AlmondNet owns all right, title, and interest in each of the Asserted Patents to file this case.

2.  AlmondNet, Inc. is a is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd Suite 404, Long Island City, NY, 11101. Established in 1998, AlmondNet is an industry leader and pioneer in privacy-friendly, targeted advertising. AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, and is focused on R&D and the licensing of its extensive

1

portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

3. On information and belief, Defendant Roku, Inc. ("Roku") is a Delaware corporation with a regular and established place of business located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759. Roku may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 7th Street, Suite 620, Austin, Texas 78701. Defendant designs, manufactures or has manufactured on its behalf, sells, offers for sale, and/or uses the Accused Products in the United States, and Defendants' customers also use the Accused Products in the United States.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, using, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue is proper in this District. For example, Roku has a regular and established place of business located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759. *See*

https://www.rokou.com/jobs/locations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,244,582

7. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,244,582 (the "'582 patent"), titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on August 14, 2012. A true and correct copy of the '582 patent is attached as Exhibit ..

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '582 patent.

10. The infringement of the '582 patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '582 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

11. Defendant's infringement has been and is willful. Defendant knew of the '582 patent long before this suit was filed. For example, AlmondNet and Dataxu (a company that Defendant acquired in 2019) communicated, e.g., in the 2015 time frame and after 2015, regarding AlmondNet's patent portfolio. In these discussions, AlmondNet notified Dataxu of the Asserted Patents, including the '582 patent. Despite Defendant's knowledge of the '582 patent through its acquisition of Dataxu in 2019, Defendant continues to infringe. In doing so, Defendant knew, or

should have known, that its conduct amounted to infringement of the '582 patent. Accordingly, Defendant is liable for willful infringement.

12. Defendant also knowingly and intentionally induces infringement of claims of the '582 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '582 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '582 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '582 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '582 patent, thereby specifically intending for and inducing its customers to infringe the '582 patent through the customers' normal and customary use of the Accused Products.

13. Defendant has also infringed, and continue to infringe, claims of the '582 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '582 patent, in violation of 35 U.S.C. § 271(c).

14. The Accused Products satisfy all claim limitations of at least one claim of the '582 patent. A claim chart comparing independent claim 1 of the '582 patent to a representative Accused

Product is attached as Exhibit ., which is hereby incorporated by reference in its entirety.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured AlmondNet and is liable for infringement of the '582 patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '582 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

17. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,959,146 (the "'146 patent"), titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015. A true and correct copy of the '146 patent is attached as Exhibit ..

19. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '146 patent.

20. The infringement of the '146 patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the

infringement and establishing the timing and manner of the infringement.

21. Defendant's infringement has been and is willful. Defendant knew of the '146 patent long before this suit was filed. For example, AlmondNet and Dataxu (a company that Defendant acquired in 2019) communicated, e.g., in the 2015 time frame and after 2015, regarding AlmondNet's patent portfolio. In these discussions, AlmondNet notified Dataxu of the Asserted Patents, including the '146 patent. Despite Defendant's knowledge of the '146 patent through its acquisition of Dataxu in 2019, Defendant continues to infringe. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '146 patent. Accordingly, Defendant is liable for willful infringement.

22. Defendant also knowingly and intentionally induces infringement of claims of the '139 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '146 patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and/or earlier, as set forth above. Despite this knowledge of the '146 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '146 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '146 patent, thereby specifically intending for and inducing its customers to infringe the '146 patent through the customers' normal and customary use of the Accused Products.

23. Defendant has also infringed, and continue to infringe, claims of the '146 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent,

and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '146 patent, in violation of 35 U.S.C. § 271(c).

24. The Accused Products satisfy all claim limitations of at least one claim of the '146 patent. A claim chart comparing independent claim 1 of the '146 patent to a representative Accused Product is attached as Exhibit ., which is hereby incorporated by reference in its entirety.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured AlmondNet and is liable for infringement of the '146 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendant's infringement of the '146 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,671,139

28. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,671,139 (the "'139 patent"), titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on March 11, 2014. A true and correct copy of the '139 patent is attached as Exhibit ..

30. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Products"), such as, e.g., Roku's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '139 patent.

31. The infringement of the '139 patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the Asserted Patents, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

32. Defendant's infringement has been and is willful. Defendant knew of the '139 patent long before this suit was filed. For example, AlmondNet and Dataxu (a company that Defendant acquired in 2019) communicated, e.g., in the 2015 time frame and after 2015, regarding AlmondNet's patent portfolio. In these discussions, AlmondNet notified Dataxu of the Asserted Patents, including the '139 patent. Despite Defendant's knowledge of the '139 patent through its acquisition of Dataxu in 2019, Defendant continues to infringe. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '139 patent. Accordingly, Defendant is liable for willful infringement.

33. Defendant also knowingly and intentionally induces infringement of claims of the '139 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '139 patent and the infringing nature of the Accused Products at least as early as when this Complaint was

filed and/or earlier, as set forth above. Despite this knowledge of the '139 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '139 patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '139 patent, thereby specifically intending for and inducing its customers to infringe the '139 patent through the customers' normal and customary use of the Accused Products.

34. Defendant has also infringed, and continue to infringe, claims of the '139 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently are, contributorily infringing the '139 patent, in violation of 35 U.S.C. § 271(c).

35. The Accused Products satisfy all claim limitations of at least one claim of the '139 patent. A claim chart comparing independent claim 1 of the '139 patent to a representative Accused Product is attached as Exhibit ., which is hereby incorporated by reference in its entirety.

36. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured AlmondNet and is liable for infringement of the '139 patent pursuant to 35 U.S.C. § 271.

37. As a result of Defendant's infringement of the '139 patent, AlmondNet is entitled

to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

38. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '139 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, AlmondNet respectfully requests that this Court enter:

a. A judgment in favor of AlmondNet that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '146 and '139 Patents;

d. A judgment and order requiring Defendant to pay AlmondNet its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to AlmondNet, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AlmondNet its reasonable attorneys' fees

      against Defendant; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

AlmondNet, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 20, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
James A. Milkey
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff AlmondNet, Inc.*