# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ALMONDNET, INC., | § | |
| | § | |
| Plaintiff / Counterclaim-defendant, | § | CASE NO.: 6:21-CV-00876-ADA |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| ROKU, INC., | § | |
| | § | |
| Defendant / Counterclaim-plaintiff. | § | |

## ROKU, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO ALMONDNET, INC.'S COMPLAINT

Defendant Roku, Inc. ("Roku") files this, its Answer, Affirmative Defenses, and Counterclaims, to Plaintiff AlmondNet, Inc.'s ("AlmondNet") Complaint (Dkt. 1). Roku denies the allegations and characterizations in the Complaint unless expressly admitted in the following headings and numbered Paragraphs, which correspond to those in the Complaint:

## INTRODUCTION AND PARTIES

1. Roku admits that the Complaint alleges infringement of U.S. Patent Nos. 8,244,582, 8,959,146, and 8,671,139, (collectively, the "Asserted Patents"). Roku denies any remaining allegations in Paragraph 1 of the Complaint, including any allegations of infringement.

2. On information and belief, Roku admits that AlmondNet is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd Suite 404, Long Island City, New York 11101. Roku lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Roku admits that it is a Delaware corporation and that it has an office at 9606 N.

Mopac Expressway, Suite 400, Austin, Texas 78759. Roku admits that it may be served through its registered agent, Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company, located at 211 7th Street, Suite 620, Austin, Texas 78701. Roku denies any remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Roku admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. Roku admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) at least in regard to issues pertaining to patent infringement under the Patent Laws of the United States. Roku denies any remaining allegations in Paragraph 4 of the Complaint, including any allegations of infringement.

5. For purposes of this action, Roku does not contest whether personal jurisdiction over it properly lies in this District. Roku denies any remaining allegations in Paragraph 5 of the Complaint, including any allegations of infringement.

6. For purposes of this action, Roku does not contest whether venue is proper in this District. However, Roku denies that there is not a more convenient venue based on the allegations in this action. Roku denies any remaining allegations in Paragraph 6 of the Complaint, including any allegations of infringement.

## COUNT I
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,244,582

7. Roku re-avers and incorporates its above responses to the allegations in Paragraphs 1 through 6 of the Complaint.

8. Roku admits that U.S. Patent No. 8,244,582 ("the '582 Patent") is entitled "Method and Stored Program for Accumulating Descriptive Profile Data Along with Source

Information for Use in Targeting Third-Party Advertisements," was issued on August 14, 2012, and that a copy was attached to the Complaint as an exhibit. Roku denies any remaining allegations in Paragraph 8 of the Complaint, including any allegations of infringement.

9. Denied.

10. Denied.

11. Roku admits that, prior to the filing of the Complaint, AlmondNet sent correspondence to Dataxu regarding the '582 Patent. Roku denies any remaining allegations in Paragraph 11 of the Complaint, including any allegations of infringement.

12. Denied.

13. Denied.

14. Roku admits that a claim chart regarding claim 1 of the '582 Patent was attached to the Complaint as an exhibit but denies any remaining allegations in Paragraph 14 of the Complaint, including any allegations of infringement.

15. Denied.

16. Denied.

## COUNT II
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,959,146

17. Roku re-avers and incorporates its above responses to the allegations in Paragraphs 1 through 16 of the Complaint.

18. Roku admits that U.S. Patent No. 8,959,146 ("the '146 Patent") is entitled "Media Properties Selection Method and System Based on Expected Profit from Profile-Based Ad Delivery," issued on February 17, 2015, and that a copy was attached to the Complaint as an exhibit. Roku denies any remaining allegations in Paragraph 18 of the Complaint, including any allegations of infringement.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Roku admits that a claim chart regarding claim 1 of the '146 Patent was attached to the Complaint as an exhibit but denies any remaining allegations in Paragraph 24 of the Complaint, including any allegations of infringement.

25. Denied.

26. Denied.

27. Denied.

## COUNT III
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,671,139

28. Roku re-avers and incorporates its above responses to the allegations in Paragraphs 1 through 27 of the Complaint.

29. Roku admits that U.S. Patent No. 8,671,139 ("the '139 Patent") is entitled "Media Properties Selection Method and System Based on Expected Profit from Profile-Based Ad Delivery," issued on March 11, 2014, and that a copy was attached to the Complaint as an exhibit. Roku denies any remaining allegations in Paragraph 29 of the Complaint, including any allegations of infringement.

30. Denied.

31. Denied.

32. Roku admits that, prior to the filing of the Complaint, AlmondNet sent correspondence to Dataxu regarding the '139 Patent. Roku denies any remaining allegations in

Paragraph 32 of the Complaint, including any allegations of infringement.

33. Denied.

34. Denied.

35. Roku admits that a claim chart regarding claim 1 of the '139 Patent was attached to the Complaint as an exhibit but denies any remaining allegations in Paragraph 35 of the Complaint, including any allegations of infringement.

36. Denied.

37. Denied.

38. Denied.

## [ALMONDNET'S] PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Complaint is required, Roku denies that AlmondNet has any valid claim pursuant to 35 U.S.C. § 271 *et seq.* Roku further denies that it has violated any of the Patent Laws of the United States with respect to any of the Asserted Patents. Roku further denies that AlmondNet is entitled to any of its requested relief, including that specified in subparagraphs a-g of AlmondNet's Prayer for Relief, and Roku requests that the Court deny the relief requested by AlmondNet.

## [ALMONDNET'S] DEMAND FOR JURY TRIAL

Roku is not required to provide a response AlmondNet's request for a trial by jury.

## GENERAL DENIAL

Roku further denies any allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

**AFFIRMATIVE DEFENSES**

Subject to its responses above, and upon information and belief, Roku alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how and which such defenses are listed herein, Roku undertakes the burden of proof only as to those defenses that are deemed affirmative defenses requiring such burden as a matter of law. In addition to the affirmative defenses described below, Roku specifically reserves all rights to allege additional affirmative defenses, including but not limited to those that become known through the course of this action.

**FIRST AFFIRMATIVE DEFENSE**
**NON-INFRINGEMENT**

Roku has not and does not infringe[d] directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

**SECOND AFFIRMATIVE DEFENSE**
**INVALIDITY**

The Asserted Patents are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**
**PROSECUTION HISTORY ESTOPPEL**

The claims of the Asserted Patents are limited by the text of the Asserted Patents, the prosecution history, including that of related patents, and/or the prior art such that AlmondNet is estopped, or otherwise precluded, from asserting that any claim of the Asserted Patents is infringed by Roku, either literally or by equivalents.

**FOURTH AFFIRMATIVE DEFENSE**
**ENSNAREMENT**

AlmondNet cannot argue that the claims of the Asserted Patents are broad enough that an

accused product would be found to infringe under the doctrine of equivalents because such a construction would render the claims invalid in view of the prior art.

## FIFTH AFFIRMATIVE DEFENSE
## MARKING AND DAMAGES LIMITATIONS

To the extent AlmondNet or any licensees have failed to comply with the marking requirement of 35 U.S.C. § 287, AlmondNet cannot recover any damages for Roku's alleged infringement prior to the date the Complaint was filed. Further, AlmondNet's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
## EQUITABLE ESTOPPEL

AlmondNet is barred by the doctrine of equitable estoppel because AlmondNet, through misleading conduct, led Roku to reasonably believe that AlmondNet did not intend to enforce their respective patents against Roku, Roku relied on that conduct, and due to that reliance, Roku would be materially prejudiced if AlmondNet was permitted to proceed with its infringement allegations.

## SEVENTH AFFIRMATIVE DEFENSE
## NO INJUNCTIVE RELIEF

AlmondNet's claim for injunctive relief is barred because there exists an adequate remedy at law and AlmondNet's claims otherwise fail to meet the requirements for such relief.

## EIGHTH AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

AlmondNet's Complaint fails to state a claim upon which relief can be granted.

# ROKU'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaimant Roku, Inc. ("Roku") alleges the following Counterclaims against Plaintiff/Counterclaim-Defendant AlmondNet, Inc. ("AlmondNet"):

## NATURE OF THE ACTION

1. Roku seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 8,244,582 ("the '582 Patent"), 8,959,146 ("the '146 Patent"), and 8,671,139 ("the '139 Patent") (collectively, "the Patents-in-Suit") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, damages, and such other relief as the Court deems just and proper.

2. Roku seeks this relief because AlmondNet has accused Roku of infringing the Patents-in-Suit, which has placed a cloud over Roku and its advertising business presumably tied to "Roku's advertising platform" referenced in AlmondNet's Complaint. Roku believes AlmondNet's allegations lack merit and thus asks this Court to declare the legal rights of Roku so that Roku is afforded relief from the uncertainty and delay regarding its rights caused by AlmondNet's allegations against Roku.

## PARTIES

3. Roku is a corporation organized and existing under the laws of Delaware and has an office at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

4. AlmondNet is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 37-18 Northern Boulevard, Suite 404, Long Island, New York 11101.

## JURISDICTION AND VENUE

5. The allegations in Paragraphs 1 through 4 of Roku's Counterclaims are incorporated herein by reference as if fully set forth herein.

6. This action arises under the Patent Laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1 et seq.) and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

8. This Court has personal jurisdiction over AlmondNet because it submitted itself to the jurisdiction of this Court by filing the Complaint.

9. Venue is proper over AlmondNet as it has conceded to venue in this District by way of their Complaint (Dkt. 1).

## THE PATENTS-IN-SUIT

10. The allegations in Paragraphs 1 through 9 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

11. The '582 Patent lists Roy Shkedi as inventor, is entitled "Method and Stored Program for Accumulating Descriptive Profile Data Along with Source Information for Use in Targeting Third-Party Advertisements," and issued on August 14, 2012. The application for the '582 Patent was filed on May 25, 2011.

12. On information and belief, the '582 Patent is assigned to AlmondNet, Inc.

13. The '146 Patent lists Roy Shkedi as the inventor, is entitled "Media Properties Selection Method and System Based on Expected Profit from Profile-Based Ad Delivery," and issued on February 17, 2015. The application for the '146 Patent was filed on March 7, 2014.

14. On information and belief, the '146 Patent is assigned to AlmondNet, Inc.

15. The '139 Patent lists Roy Shkedi as inventor, is entitled "Media Properties

Selection Method and System Based on Expected Profit from Profile-Based Ad Delivery," and issued on March 11, 2014. The application for the '139 Patent was filed on June 7, 2012.

16. On information and belief, the '139 Patent is assigned to AlmondNet, Inc.

## PRESENCE OF AN ACTUAL CONTROVERSY

17. The allegations in Paragraphs 1 through 16 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

18. The presence of an actual controversy between the parties is at least in part shown by the filing of the Complaint by AlmondNet.

19. AlmondNet alleges that Roku's "advertising platform" technology infringes the Patents-in-Suit as follows:

- the '582 Patent: claim 1;
- the '146 Patent: claim 1; and
- the '139 Patent: claim 1.

20. There is a substantial controversy of sufficient immediacy and reality between Roku and AlmondNet to warrant issuance of a declaratory judgment.

21. Roku believes the infringement allegations as to the Patents-in-Suit lack merit, and therefore, Roku seeks relief declaring the legal rights of Roku—namely, that Roku does not infringe any valid and enforceable claim of the Patents-in-Suit. Without such declaration, AlmondNet's infringement allegations will continue to negatively impact Roku's business at least with respect to its advertising products and services, including the vague and unspecified phrase "Roku's advertising platform" used in AlmondNet's Complaint. In general, Roku's advertising business is a significant component of Roku's overall business, success, and market reputation. Accordingly, there is a substantial controversy of sufficient immediacy and reality between Roku and AlmondNet to warrant issuance of a declaratory judgment.

22. Roku denies that it infringes any valid and enforceable claim of the Patents-in-Suit. Roku now seeks a declaratory judgment that it does not infringe any valid and enforceable claim of the Patents-in-Suit.

## COUNT I
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '582 PATENT**

23. The allegations in Paragraphs 1 through 22 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

24. Roku, through its systems, products, and processes, including as to its "advertising platform," does not infringe any valid and enforceable claim of the '582 Patent, including but not limited to claim 1 of the '582 Patent.

25. Roku has not contributed to and is not contributing to infringement by others of any claims of the '582 Patent, including but not limited to claim 1 of the '582 Patent.

26. Roku has not induced and is not inducing infringement of any claims of the '582 Patent, including but not limited to claim 1 of the '582 Patent.

27. In one aspect, for example, Roku's systems, products, and processes, including as to its "advertising platform," do not use URL redirection to receive partial profiles.

28. Therefore, Roku's systems, products, and processes, including as to its "advertising platform," do not meet at least the following limitations of claim 1 of the '582 Patent: "wherein receiving the partial profile is achieved as a result of automatic electronic URL redirection from a portion of a page of the website accessed by the user computer."

29. An actual controversy exists between Roku and AlmondNet as to whether or not Roku has infringed or is infringing the '582 Patent, has contributed or is contributing to infringement of the '582 Patent, and has induced or is inducing infringement of the '582 Patent.

30. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and

28 U.S.C. § 2201 et seq., Roku is entitled to a declaration, in the form of a judgment, that by its products and/or activities Roku has not infringed and is not infringing any valid and enforceable claim of the '582 Patent, has not contributed or is not contributing to infringement of the '582 Patent, and has not induced or is not inducing infringement of the '582 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '146 PATENT

31. The allegations in Paragraphs 1 through 30 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

32. Roku, through its systems, products, and processes, including as to its "advertising platform," does not infringe any valid and enforceable claim of the '146 Patent, including but not limited to claim 1.

33. Roku has not contributed to and is not contributing to infringement by others of any claims of the '146 Patent, including but not limited to, claim 1 of the '146 Patent.

34. Roku has not induced and is not inducing infringement of any claims of the '146 Patent, including but not limited to, claim 1 of the '146 Patent.

35. In one aspect, for example, Roku's systems, products, and processes, including as to its "advertising platform," do not use the price paid by Roku for delivery of the advertisement to the visitor as the condition claimed to direct indicia of the condition to a third-party server computer controlling advertising space on a second media property.

36. Therefore, Roku's systems, products, and processes, including as to its "advertising platform," do not meet at least the following limitations of claim 1 of the '146 Patent: "automatically with the computer system directing, to a third-party server computer controlling advertising space on a second media property, indicia of a condition, which condition

relates specifically to an electronic visitor, for display of an advertisement to the electronic visitor when the electronic visitor visits the second media property at a time after the electronic visitor visits the first media property, subject to determining that the condition has been met" and "wherein directing the indicia is based on information indicating to the computer system that at least one of a plurality of profile attributes is possibly applicable to the electronic visitor . . . ."

37. An actual controversy exists between Roku AlmondNet as to whether or not Roku has infringed or is infringing the '146 Patent, has contributed or is contributing to infringement of the '146 Patent, and has induced or is inducing infringement of the '146 Patent.

38. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Roku is entitled to a declaration, in the form of a judgment, that by its products and/or activities Roku has not infringed and is not infringing any valid and enforceable claim of the '146 Patent, has not contributed or is not contributing to infringement of the '146 Patent, and has not induced or is not inducing infringement of the '146 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '139 PATENT

39. The allegations in Paragraphs 1 through 38 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

40. Roku, through its systems, products, and processes, including as to its "advertising platform," does not infringe any valid and enforceable claim of the '139 Patent, including but not limited to claim 1 of the '139 Patent.

41. Roku has not contributed to and is not contributing to infringement by others of any claims of the '139 Patent, including but not limited to, claim 1 of the '139 Patent.

42. Roku has not induced and is not inducing infringement of any claims of the '139

Patent, including but not limited to, claim 1 of the '139 Patent.

43. In one aspect, for example, Roku's systems, products, and processes, including as to its "advertising platform," do not condition advertisement delivery on expected profit.

44. Therefore, Roku's systems, products, and processes, including as to its "advertising platform," do not meet at least the following limitations of claim 1 of the '139 Patent: "automatically with the computer system directing, to a third-party server computer controlling advertising space on a second media property, indicia of a condition for display of an advertisement, which condition relates specifically to an electronic visitor."

45. An actual controversy exists between Roku and AlmondNet as to whether or not Roku has infringed or is infringing the '139 Patent, has contributed or is contributing to infringement of the '139 Patent, and has induced or is inducing infringement of the '139 Patent.

46. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Roku is entitled to a declaration, in the form of a judgment, that by its products and/or activities Roku has not infringed and is not infringing any valid and enforceable claim of the '139 Patent, has not contributed or is not contributing to infringement of the '139 Patent, and has not induced or is not inducing infringement of the '139 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '582 PATENT

47. The allegations in Paragraphs 1 through 46 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

48. As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and AlmondNet regarding the validity of the '582 Patent.

49. The claims of the '582 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, and 112. For example, at least claim 1 of the '582 Patent is invalid for failing to meet the requirements for patent-eligible subject matter under 35 U.S.C. § 101 because the claim is directed to an abstract idea with no inventive concept. Further, at least claim 1 of the '582 Patent is invalid as anticipated and/or obvious in view of the prior art, including but not limited to U.S. Patent No. 7,039,699 to Narin, U.S. Patent No. 5,999,971 to Buckland, U.S. Patent No. 6,334,111 to Carrott, U.S. Patent No. 6,615,247 to Murphy, U.S. Patent No. 6,993,590 to Gauthier, and U.S. Patent Application Publication No. 2001/0020242 to Gupta.

50. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent AlmondNet from continuing to allege validity of the '582 Patent.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '146 PATENT

51. The allegations in Paragraphs 1 through 50 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

52. As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and AlmondNet regarding the validity of the '146 Patent.

53. The claims of the '146 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, and 112. For example, at least claim 1 of the '146 Patent is invalid for failing to meet the requirements for patent-eligible subject matter under 35 U.S.C. § 101 because the claim is directed to an abstract idea with no inventive concept. Further,

at least claim 1 of the '146 Patent is invalid as anticipated and/or obvious in view of the prior art, including but not limited to U.S. Patent No. 9,495,682 to Vallier, U.S. Patent Application No. 10/234,726 to Hughes, U.S. Patent Application Publication No. 2002/0059094 to Hosea, U.S. Patent No. 8,131,271 to Ramer, U.S. Patent Application Publication No. 2006/0230053 to Eldering, U.S. Patent Application Publication No. 2003/0229893 to Sgaraglino, U.S. Patent Application Publication No. 2006/0230415 to Roeding, U.S. Patent No. 7,987,182 to Slouthoulber, U.S. Patent Application Publication No. 2002/0052752 to Landesmann, and U.S. Patent Application Publication No. 2002/0194589 to Cristofalo.

54. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent AlmondNet from continuing to allege validity of the '146 Patent.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '139 PATENT

55. The allegations in Paragraphs 1 through 54 of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

56. As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Roku and AlmondNet regarding the validity of the '139 Patent.

57. The claims of the '139 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, and 112. For example, at least claim 1 of the '139 Patent is invalid for failing to meet the requirements for patent-eligible subject matter under 35 U.S.C. § 101 because the claim is directed to an abstract idea with no inventive concept. Further, at least claim 1 of the '139 Patent is invalid as anticipated and/or obvious in view of the prior art, including but not limited to U.S. Patent No. 9,495,682 to Vallier, U.S. Patent Application No.

10/234,726 to Hughes, U.S. Patent Application Publication No. 2002/0059094 to Hosea, U.S. Patent No. 8,131,271 to Ramer, U.S. Patent Application Publication No. 2006/0230053 to Eldering, U.S. Patent Application Publication No. 2003/0229893 to Sgaraglino, U.S. Patent Application Publication No. 2006/0230415 to Roeding, U.S. Patent No. 7,987,182 to Slouthoulber, U.S. Patent Application Publication No. 2002/0052752 to Landesmann, and U.S. Patent Application Publication No. 2002/0194589 to Cristofalo.

58. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent AlmondNet from continuing to allege validity of the '139 Patent

**PRAYER FOR RELIEF**

WHEREFORE, Roku prays that the Court enter the following relief pursuant to 28 U.S.C. §§ 2201 and 2202, 35 U.S.C. § 285, and/or any other applicable law, rule, or inherent power of the Court:

A. The Court declare that Roku, through its systems, products, and processes, does not infringe any valid and enforceable claim of the '582 Patent;

B. The Court declare that Roku, through its systems, products, and processes, does not infringe any valid and enforceable claim of the '146 Patent;

C. The Court declare that Roku, through its systems, products, and processes, does not infringe any valid and enforceable claim of the '139 Patent;

D. The Court declare that all asserted claims of the '582 Patent are invalid;

E. The Court declare that all asserted claims of the '146 Patent are invalid;

F. The Court declare that all asserted claims of the '139 Patent are invalid;

G. Roku be awarded its costs and fees in this action; and

H. Roku be awarded such other and further relief as this Court deems is just and proper

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Roku hereby respectfully demands a trial by jury of all issues and claims so triable.

Dated: September 28, 2021

Respectfully submitted,

By: /s/ *Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4521

Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

**COUNSEL FOR ROKU, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

/s/ *Wasif H. Qureshi*
Wasif H. Qureshi